UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRELL KING,                          )
                                        )
                    Plaintiff,          )      Case No.
                                        )      Hon.
        v.                              )
                                        )
CITY OF LINCOLN PARK, a Michigan        )
municipal corporation, and KRAYNAK      )
KOSMALSKI, in his individual capacity,  )
                                        )
                    Defendants.         )
_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Sherrell King files this Complaint and Jury Demand against

Defendants City of Lincoln Park and Kraynak Kosmalski and says:

1.      This is a proceeding pursuant to *42 USC § 1983* to redress the violation of rights and liberties guaranteed to Plaintiff by the *Fourth* and *Fourteenth Amendments* to the Constitution of the United States.

2.      This Court has jurisdiction over this case under *28 USC §§ 1331, 1343(3), 2201* and *201*.

3.      Plaintiff Sherrell King is an African American woman who resides in Wayne County, Michigan which is located in this Judicial District.

4.      The City of Lincoln Park is a Michigan municipal corporation and located in Wayne County, Michigan which is within this Judicial District.

5.      Defendant Kraynak Kosmalski (Kosmalski) is/was a sworn police officer of the City of Lincoln Park and resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

6.      At all times Defendant Kosmalski was acting under color of law. He is being sued in his individual capacity.

7.      Defendant Kosmalski is not entitled to qualified immunity because he violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights of which any reasonable state actor would have known.

8.      Defendant Kosmalski is not entitled to any immunity for Plaintiff's gross negligence state claim pursuant to *MCL 691.1407(8)(a)*.

9.      Venue is proper within this District pursuant to *28 USC § 1391(a)(1)* and *(2)*,

since the events which give rise to this action all took place in Wayne County, Michigan and Defendants are all located here.

**COMMON ALLEGATIONS OF FACT**

10.   On or about June 29, 2021, Defendant Officer Kosmalski effectuated a traffic stop on Plaintiff because of an expired license tag attached to Plaintiff's Mitsubishi Outlander.

11.   Officer Kosmalski discovered that Plaintiff's operator's license had expired on June 15, 2021, two weeks earlier.

12.   Defendant Kosmalski instructed Plaintiff to exit her vehicle and placed her under arrest.

13.   Defendant Kosmalski tightly affixed handcuffs on Plaintiff's wrists and hands and placed her in the rear seat of patrol unit 4-26.

14.   Plaintiff was in obvious pain and discomfort because Kosmalski handcuffed Plaintiff's wrists and hands too tightly.

15.   Plaintiff told Officer Kosmalski that the handcuffs were too tight, painful, and asked that he loosens them.

16.   Defendant Kosmalski told Plaintiff the handcuffs were not supposed to be comfortable and refused to loosen the handcuffs despite Plaintiff plea and obvious discomfort.

17.    As a result of the Kosmalski's refusal to loosen Plaintiff's handcuffs, Plaintiff suffered severe and permanent neurological and other injuries to her wrists and hands.

## COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS PURSUANT TO *42 USC § 1983*

18.    Plaintiff realleges each paragraph above word for word.

19.    The *Fourth Amendment* to the U.S. Constitution requires police and other state actors to use only "reasonable" force when seizing a person.

20.    The *Fourth Amendment* to the U.S. Constitution prohibits unduly tight or excessively forceful handcuffing during the course of a seizure, which right was clearly established at the time Defendant Kosmalski violated such right.

21.    Plaintiff complained to Defendant Kosmalski that the handcuffs were too tight and painful.

22.    Plaintiff asked Defendant Kosmalski to loosen them.

23.    Defendant Kosmalski ignored Plaintiff's complaints and told her the handcuffs were not supposed to be comfortable.

24.    Plaintiff experienced a physical injury from the handcuffing.

25.    Defendant City of Lincoln Park as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Kosmalski, who use excessive force when seizing and

handcuffing citizens, as Plaintiff was seized and handcuffed in this case.

26.     As a direct and proximate result of Defendant Kosmalski's unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries to her wrists and hands, loss of use and feeling of her wrists and hands, weakness in her wrists and hands, emotional distress, embarrassment, fear, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Kosmalski and the City of Lincoln Park, jointly and severally, in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which she may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §1988*.

## COUNT II

**DISCRIMINATION BASED ON RACE AND GENDER
IN VIOLATION OF PLAINTIFF'S GURANTEED RIGHT
TO EQUAL PROTECTION UNDER THE LAW**

27.     Plaintiff realleges each of the above paragraphs word for word.

28.     The *Fourteenth Amendment's Equal Protection Clause* requires state actors to treat all persons equally without regard to gender and/or race.

29.   Plaintiff, as an African American woman, is part of a protected class.

30.   Defendant Kosmalski was predisposed to treat Plaintiff differently from similarly situated persons who he had seized and handcuffed in the past because of her protected status.

31.   In this case, Defendant Kosmalski treated Plaintiff differently from a similarly situated persons he had seized and handcuffed in the past because of her race and/or gender.

32.   Among other things, Defendant Kosmalski handcuffed Plaintiff too tightly, ignored her complaints of pain and discomfort and deliberately refused to loosen the handcuffs despite her request—all a reflection and/or manifestation of his animus towards Plaintiff because of her protected status.

33.   Defendant City of Lincoln Park as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Kosmalski, who treat citizens differently because of their race and/or gender, as Plaintiff was seized and handcuffed in this case.

34.   As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries to her wrists and hands, loss of use and feeling of her wrists and hands, weakness in her wrists and hands, emotional distress, embarrassment, fear, loss of the enjoyments and pleasures of life, depression,

sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Kosmalski and the City of Lincoln Park, jointly and severally, in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which she may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §1988*.

## COUNT III

## GROSS NEGLIGENCE

35. Plaintiff realleges each paragraph above word for word.

36. Defendant Kosmalski was on duty and acting within the scope of his employment when he engaged in the wrongful conduct described above and handcuffed Plaintiff too tightly and then ignored Plaintiff's complaints about the extreme pain and discomfort and his refusal to loosen the too tight handcuffs.

37. Defendant Kosmalski engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

38. As the direct and proximate result of Defendant Kosmalski's gross negligence, Plaintiff suffered severe and permanent injuries including but not

limited to neurological injuries to her wrists and hands, loss of use and feeling of her wrists and hands, weakness in her wrists and hands, emotional distress, embarrassment, fear, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Kosmalski and the City of Lincoln Park, jointly and severally, in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which she may be entitled including, and other relief to which she may be entitled.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
Attorneys for Plaintiff
Dated: September 8, 2022        tperkins@perkinslawgroup.net

## **DEMAND FOR JURY TRIAL**

Plaintiff Sherrell King demands a jury trial of this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
Attorneys for Plaintiff
Dated:  September 8, 2022          tperkins@perkinslawgroup.net